MIAMI BEACH JOCKEY CLUB, Inc., v.
DERN, Secretary of War.

No. 6577.

United States Court of Appeals for the District of Columbia.

Decided April 29, 1936.

For original opinion, see 65 App.D.C. 369, 83 F.(2d) 715.

S. Wallace Dempsey, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and H. L. Underwood, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

PER CURIAM.

In the brief filed in support of the petition for rehearing, counsel say that there are two constitutional questions, not urged on the argument, which control the disposition of this case:

■ 1. That in depriving appellant of the right to the use of the submerged land there is a taking of property without compensation. But we think this question is disposed of adversely to appellant by the decision in Greenleaf-Johnson Lumber Company v. Garrison, 237 U.S. 251, 35 S. Ct. 551, 59 L.Ed. 939.

■ 2. The second "constitutional question" is more difficult to understand, but apparently it is that section 10 of the Rivers and Harbors Appropriation Act of 1899 (U.S.C.A. title 33, § 403, p. 397), which confers upon the Secretary of War the power to determine whether or not a proposed structure in a navigable waterway is an obstruction to the navigable capacity of the waterway, is an unconstitutional delegation of the legislative function. But we think, also, that the contrary of this is held in Louisville Bridge Company v. United States, 242 U.S. 409, 424, 37 S.Ct. 158, 61 L.Ed. 395, and Sanitary District v. United States, 266 U.S. 405, 45 S.Ct. 176, 69 L. Ed. 352.

Much is said in the brief also to the effect that in our former opinion we overlooked the distinction between the power of Congress under the grant of admiralty and maritime jurisdiction and the grant of power under the commerce clause in the Constitution, but we think this criticism is not well taken. We therefore adhere to our former opinion, viz.:

First, that the waterway in question is a navigable waterway of the United States and is subject to the paramount authority of Congress in the control of navigation and the regulation of commerce.

Second, that the permit granted to improve the lands in question was revocable by the Secretary of War without compensation whenever it was apparent the interests of commerce and navigation would suffer as the result of the proposed fill.

■ However, in our opinion we said, to the question whether the finding of the Chief of Engineers—on which the Secretary acted in revoking the permit—was arbitrary, that the reasons assigned by the Chief of Engineers were in themselves far from convincing. That this is true will be

observed by reference to the six reasons assigned for the revocation. Not one of the reasons stated has any relation to commerce and navigation, but the finding concludes: "In view of the foregoing and other facts brought out at the hearing * * * I am of opinion that the proposed work will constitute an unreasonable obstruction to navigation." In view of the failure to include the evidence in the record, and particularly in view of the decision of the Supreme Court in United States ex rel. Greathouse v. Dern, 289 U.S. 352, 53 S.Ct. 614, 77 L.Ed. 1250—and having also regard to the decision of the Supreme Court in Greenleaf-Johnson Lumber Company v. Garrison, supra—we said that, notwithstanding the infirmity obvious in the finding of the Chief of Engineers, we should consider it as supplemented by the stipulated facts and the findings of the lower court which did show some facts consistent with the finding that the fill would obstruct navigation; and we concluded his action did not reach that bad degree that might be characterized as either wanton or arbitrary.

We feel impelled to adhere to that conclusion, but we think it is fair to add that in our opinion appellant is entitled to have the question of the nature of the proposed improvement passed upon by the Chief of Engineers of the Army, and by the Secretary on his report, exclusively on evidence directed to the question whether, in the light of present-day conditions with relation to commerce and navigation, *it will* obstruct the navigable capacity of the waterway—and not, as it was at least in part considered, in relation to its effect upon adjacent suburban or winter homes. U. S. v. River Rouge Imp. Co., 269 U.S. 411, at page 419, 46 S.Ct. 144, 70 L.Ed. 339. Our mandate, therefore, to the lower court will contain an order to the effect that the rejection of the application for injunction and the dismissal of appellant's bill shall be without prejudice to the initiation by appellant of new proceedings by way of application to the Secretary of War for a permit to erect the improvement in accordance with the terms, or otherwise, of the former permit subsequently revoked.